

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00051-CV

JERRY LAZA, Appellant

V.

CITY OF PALESTINE, TEXAS, Appellee

On Appeal from the 349th District Court
Anderson County, Texas
Trial Court No. DCCV16-356-349

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

On February 2, 2021, this Court abated this appeal to the trial court in accordance with Rule 34.6 of the Texas Rules of Appellate Procedure for resolution of a dispute regarding the accuracy of the record. *See* TEX. R. APP. P. 34.6. The trial court held two evidentiary hearings in connection with the accuracy of the record and, thereafter, submitted its findings regarding the appellate record in a report dated December 14, 2021. By separate order dated December 28, 2021, this Court adopted each of the trial court's findings and its conclusion that there is no error or omission in the appellate record that is significant or that would affect the resolution of this appeal. Consequently, the record in this appeal is complete.[1]

On January 14, 2022, Appellant filed a motion to abate this appeal (Motion to Abate), much of which disputed the trial court's findings. Appellant asked this Court to either "abate or extend the briefing deadline for Laza from January 27, 2022, for at least 30 days until February 28, 2022, or preferably, until 30 days after the record is made complete." On January 19, 2022, this Court denied Appellant's Motion to Abate and granted appellant's motion to extend the briefing deadline to Monday, February 28, 2022. This Court's clerk's office notified

---

[1]On December 14, 2021, the trial court specifically found that the appellant did not file a request with the district clerk or designate the transcription of the June 2, 2017, hearing to be a part of the appellate record. The trial court's findings stated, "Appellant's attorney, if he wants the Reporter's Record to be prepared and made a part of the Appellate record, may comply with T.R.A.P. 34.6(b)." The trial court further stated, "[The court reporter] can have the June 3, 2019, hearing prepared and filed in the Appellate record. This Court finds that Appellant has wholly failed to comply with T.R.A.P. 34.6(b). Appellant's attorney has been instructed to comply with T.R.A.P. 34.6(b) if he wants this record included in the Appellate record." The trial court's findings also stated, "The December 16, 2016[,] hearing was recorded by Jerry Poole. This Court finds that Appellant has wholly failed to comply with T.R.A.P. 34.6(b). Appellant's attorney has been instructed to comply with T.R.A.P. 34.6(b) if he wants this record included in the Appellate record." To the extent the Appellant has properly requested additional portions of the reporter's record or clerk's record in accordance with the Texas Rules of Appellate Procedure, this Court has granted an extension of the deadline to file Appellant's brief, to the end that any such additional records may be filed in a timely fashion, as explained in this order.

Appellant's attorney, Nicholas Mosser, via a January 19, 2022, letter, of the Court's partial denial and partial grant of Appellant's motion. The letter stated, "The Court entered its order this date in the referenced proceeding whereby Appellant's motion to abate the briefing deadline indefinitely was **DENIED**. However, the court has **GRANTED** the appellant an extension of the briefing deadline to and including: <u>**Monday, February 28, 2022**</u>. Further extension requests will not be granted." The letter was signed by a deputy clerk in our clerk's office. Appellant's motion was, therefore, disposed of by this Court and is no longer pending before this Court.

On January 21, 2022, Appellant attempted to file "Appellant's EMERGENCY Supplemental Motion to Abate" (Emergency Motion). Attorney Mosser designated that document as an "Other Document," rather than a motion, in the statewide e-filing system. Because Appellant did not have a motion pending before this Court when Mosser attempted to file the Emergency Motion, our clerk's office deemed the document a motion, *see* TEX. R. APP. P. 10.1(a), which requires the payment of a $10.00 filing fee, *see* TEX. R. APP. P. app. A, § B(3)(a). Accordingly, the clerk's office attempted to file the document as a motion, and the statewide e-filing system attempted, unsuccessfully, to process the payment. As a result, the filing was rejected. After our clerk's office explained the reason for the rejected filing to Mosser, Mosser responded in an unprofessional and disrespectful manner towards our clerk and deputy clerk through a series of telephone calls, emails, and a letter. As noted below, this is not the first time Mosser has acted in this manner in this case.

Mosser's flawed reasoning on this occasion stemmed from the manner in which our clerk's office communicated this Court's resolution of his January 14 Motion to Abate. Because

3

the clerk's letter communicating our resolution used the word "order" or for some other reason, Mosser reasoned that there had to be a written order entered by the Court. In the absence of such an order, he concluded, the Motion to Abate had not been resolved, and the Emergency Motion was a supplement to the Motion to Abate rather than a new motion. Despite the clerk's January 19 letter clearly informing Mosser that this Court had resolved the Appellant's Motion to Abate and numerous attempts by our clerk and deputy clerk during telephone conversations to confirm this fact to Mosser, Mosser insisted that his interpretation of events was fact. During several telephone conversations with our clerk's office to voice his displeasure at the rejection of Appellant's Emergency Motion, Mosser raised his voice and argued with both our clerk and our deputy clerk in an unprofessional manner.

After this telephone call, Mosser penned a letter to the clerk in which he accused members of our clerk's office of inappropriate behavior and accused this Court of engaging in subterfuge by entering secret orders. Mosser's allegations impugn the integrity of our staff and of each judge on this Court, with absolutely no factual or evidentiary support.[2]

We note that we are not the first court Mosser has treated in this manner. Specifically, four years ago, Mosser was sanctioned by Judge Amos Mazzant, Presiding Judge of the United States Federal Court for the Eastern District of Texas, Sherman Division. *See Jabary v. McCullough*, 325 F.R.D. 175 (E.D. Tex. 2018, order). Mosser's conduct in this case is strikingly similar to the conduct for which he was sanctioned by Judge Mazzant in *Jabary*. While Mosser is unquestionably free to disagree with the rulings of this Court, he is required, as an attorney and

---

[2]We note that the manner in which our clerk informed Mosser of our ruling is no different than the way standard motions are routinely handled in this Court.

4

"an officer of the legal system," to do so in a respectful and professional manner. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT, Preamble, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A. The behavior noted above clearly falls short of the standards expected of Texas attorneys. We also note that the behavior described above is not the first time Mosser has engaged in other such disrespectful behavior towards our clerk and court staff in this case. A few examples suffice.

- On November 30, 2021, Mosser contacted our clerk's office via telephone regarding the trial court's docket sheet in the clerk's record, claiming that someone at the Office of Court Administration had told him that all district clerks have a uniform docket sheet that could be printed through the Texas Appeals Management and eFiling System (TAMES). He insisted that our clerk require the district clerk to file such uniform docket sheet as part of the record in this case. Mosser refused to identify the person with whom he spoke at the Office of Court Administration. Mosser's attitude was angry, rude, demeaning, and demanding.

- On December 6, 2021, Mosser, in a telephone conversation with a deputy clerk of this Court, accused the clerk of having engaged in improper ex parte communications as evidenced by docket entries he viewed in TAMES, via our website, of "email sent" and "email received." He demanded to see the emails referenced in those docket entries. When asked to put his request in writing, Mosser was angry and rude, claimed that he did not have to do that, and demanded the information.

- On December 6, 2021, Mosser made accusations regarding this Court's responsibility for the May 2020 ransomware attack that affected not only this Court, but all appellate courts, the Texas Court of Criminal Appeals, and the Texas Supreme Court. He inappropriately suggested that someone from this office caused the statewide ransomware attack by watching "porn" on a state computer. Mosser also used profanity while speaking with the clerk during this telephone conversation.

- In a different conversation on December 6, 2021, Mosser called this Court's clerk's office and asked to speak with the Court's chief staff attorney. Mosser was advised by the clerk that, in accordance with Rule 9.6 of the Texas Rules of Appellate Procedure, all communications about a case must be made only through the clerk. *See* TEX. R. APP. P. 9.6. When Mosser disputed that statement, the clerk read him the text of Rule 9.6. Nevertheless, Mosser emailed this Court's chief staff attorney directly on December 6, 2021, regarding his complaints.

5

Most of Mosser's disrespectful telephone conversations with the clerk's office arose from his disagreement with matters already resolved by this Court's rulings. Yet, instead of presenting a motion for reconsideration as contemplated by the Rules of Appellate Procedure supported by facts, authorities, and new arguments for reconsideration of our rulings, Mosser appears to believe that this Court's denial of requested relief is an invitation to continue arguing the same points in the hope that the Court will eventually give in and grant the requested relief— if for no other reason than to buy peace. While requesting that a Court reconsider its prior rulings in a properly supported motion for reconsideration is not, in and of itself, improper, engaging in a campaign of attrition against the Court's clerk and supporting staff is. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT, Preamble. Engaging in such behavior implicates several standards of conduct required of all Texas attorneys.

Specifically, Mosser's conduct towards this Court's clerk's office implicates Section IV(3) of the Texas Lawyer's Creed, which provides that a lawyer "will treat counsel, opposing parties, the Court and members of the Court staff with courtesy and civility." TEXAS LAWYER'S CREED—A MANDATE FOR PROFESSIONALISM, § IV(3) (adopted November 7, 1989). Mosser's conduct toward the staff of this Court also implicates the Standards for Appellate Conduct, which provide, under the heading Lawyers' Duties to the Court, that "Counsel will be civil and respectful in all communications with the judges and staff." STANDARDS FOR APPELLATE CONDUCT, LAWYERS' DUTIES TO THE COURT, ¶ 8. Mosser's conduct also implicates the Texas Disciplinary Rules of Professional Conduct.

6

In addition to his disrespectful, unprofessional, and inappropriate manner of communicating with our clerk's office, Mosser has, in several filings with this Court, impugned the integrity of this Court; and, just as in *Jabary*, his attacks are not supported by facts or evidence. By way of example, in his Motion to Abate, Mosser states, "[T]his Court has improperly sealed matters concerning *ex parte* communications with witnesses in the Trial Court as to instructions on the exhibits in this case. *See* TEX. R. CIV. P. 76a." Later in the same motion, Mosser states that "this Court has improperly sealed matters without compliance with Rule 76 or 76a." Mosser's assertions that this Court has sealed any records in this appeal is patently false, and the inferences of impropriety enveloped in his accusations are baseless and unsupported by facts or evidence.

Rule 8.02 of the Texas Disciplinary Rules of Professional Conduct states, "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the . . . integrity of a judge . . . ." If Mosser does not know that his statements regarding this Court sealing records in this appeal are false, then he made them with reckless disregard as to their truth or falsity.

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed within a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. 32, 34 (1812)). "For this reason, '[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their

7

lawful mandates.'" *Id.* (quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821)). "Texas courts, like all civilized courts of justice, have these inherent powers." *Kutch v. Del Mar College*, 831 S.W.2d 506, 509 (Tex. App.—Corpus Christi 1992, no pet.). Nevertheless, this Court does not elect to exercise such drastic powers at this time, but instead will issue a stern warning to counsel to cease engaging in the pattern of behavior described herein. We are confident that Mosser will take these warnings to heart and modify his behavior accordingly, but if not, we are certainly prepared to proceed with any further disciplinary actions that we deem are necessary.

To that end, based on Mosser's behavior to date, as described herein, we issue the following admonishments to Mosser:

1. The clerk's office of this Court is the mouthpiece of this Court, and Mosser is admonished to treat it as such. Mosser is admonished not to use profanity in his verbal communications with the clerk of this Court or the deputy clerks of this Court and is admonished not to address the clerk of this Court, or the deputy clerks of this court, in a disrespectful, rude, or hostile manner.

2. Mosser is admonished not to engage in further violations of Rule 9.6 of the Texas Rules of Appellate Procedure.

3. Statements made to this Court, both in filings with this Court and through representations made to this Court's clerk's office, must be based in fact, must have evidentiary support, and must be made without reckless disregard as to their truth or falsity. Mosser is admonished that unfounded, baseless attacks on the integrity of this Court or its staff will not be tolerated.

Mosser is admonished to heed these warnings and not to engage in similar conduct. He is further admonished that this Court continues to have the authority to take further action, not only as to any future conduct, but also as to the conduct described herein.

Finally, and for purposes of clarity, we hereby order the clerk of this Court to reject the document currently in the e-filing system captioned "Appellant's EMERGENCY Supplemental

8

Motion to Abate." We caution Mosser not to file that document or any form of that document again without the required $10.00 filing fee.

IT IS SO ORDERED.

BY THE COURT

Date: January 26, 2022